U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAN 17 2013

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

KRISTEN WHITWORTH, Individually
and on Behalf of Others Similarly Situated,                          **PLAINTIFF**

vs.                                   No. 6:13-cv-_6003-RTD_

FRENCH QUARTER PARTNERS, LLC,
Individually and d/b/a FRENCH QUARTER;
DUKE KLOSS, Individually and d/b/a
FRENCH QUARTER                                              **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Kristen Whitworth, individually and on behalf of others similarly situated, by and through her attorneys Anne Milligan and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint and in support thereof she does hereby state and allege as follows:

## I.

## INTRODUCTION

1.      Plaintiff, individually and on behalf of others similarly situated, asserts individual claims under the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA"), and the common laws of the State of Arkansas against Defendants French Quarter Partners, LLC, Individually and d/b/a/ French Quarter; and Duke Kloss, Individually and d/b/a French Quarter.

2.      Plaintiff makes collective action allegations under the FLSA and class action claims, which are related to her AMWA and unjust enrichment claims under Rule 23 of the FRCP.

3.      Plaintiff is a female exotic dancer who worked for Defendant at its Hot Springs, Garland County, Arkansas, location during the relevant time period, and who was denied her clearly-established rights under applicable federal and state statutes, as well as Arkansas common law.

4.      Defendant paid no wages whatsoever to Plaintiff and forced Plaintiff to pay Defendant for the right to work.

5.      As a result of the practices of Defendant described herein, Defendant failed to adequately compensate Plaintiff, as well as those persons similarly-situated to Plaintiff and who Plaintiff seeks to represent—including minimum and overtime wages as required by the FLSA and AMWA, and fair compensation as required by Arkansas common law.

II.

## JURISDICTION AND VENUE

6.      Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

7.      Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8.      This Complaint also alleges causes of action under the common law and statutes of the State of Arkansas, that arise out of the same set of

operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

9.      This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

10.      The acts complained of herein were committed and had their principal effect, as described more fully below, within the Western District of Arkansas, Hot Springs Division; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.

### PARTIES

**A. Plaintiff Kristen Whitworth**

11.      Kristen Whitworth (hereinafter "Whitworth") is a citizen and resident of Garland County, Arkansas. Whitworth worked as a dancer at Defendant's place of business located at 903 Central Avenue, Hot Springs, Arkansas, from mid-summer 2010 until the 2011 Hot Springs Motorcycle Rally, on or about Saturday, September 10, 2011.

12.      Whitworth typically worked five to six nights per week, averaging no less than forty hours per week that she worked, often working overtime each week.

13.      At all times relevant to this Complaint, Plaintiff was intentionally and improperly classified by Defendant as an independent contractor, but in reality

she was an employee of Defendant subject to the requirements of the Fair Labor Standards Act and the Arkansas Minimum Wage Act.

14.     As a result of Defendant's intentional misclassification of Plaintiff, Plaintiff was paid no wages at all and she is owed full minimum and overtime wages, as well as reimbursement for all her unlawful house tip outs, as described herein.

15.     Plaintiff brings this action individually and as a representative on behalf of herself and all other evening shift dancers who worked at Defendant's place of business within the three years immediately preceding the filing of this case), present or future, who suffered wage and hour violations as described above.

16.     Plaintiff does not bring this action on behalf of day shift dancers, who were paid a $75.00 "guarantee" or flat fee to work the day shift. Plaintiff concedes that if these facts are true, it appears that day shift dancers were paid for most or all of time spent working for Defendant.

**B. Defendant French Quarter**

17.     Defendant French Quarter Partners, LLC d/b/a French Quarter is an Arkansas limited liability corporation and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, for all relevant time periods.

18.     The registered agent for French Quarter is Dale E. Kloss, whose address is 1011 Central Avenue, Hot Springs, Arkansas.

## C. Defendant Duke Kloss

19.    Upon information and belief, Duke Kloss (hereinafter "Kloss") manages and controls the operation of the private club and dictates the employment policies of the club including but not limited to the decision to classify the dancers as independent contracts (and/or lessees) and to require that dancers split their tips with the club.

20.    Defendant Duke Kloss is a citizen and resident of the State of Arkansas and upon information and belief owns Defendant French Quarter.

21.    Upon information and belief, Kloss owns, manages and controls French Quarter.

22.    Kloss was at all times relevant to this Complaint, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d) and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

23.    At all times relevant to this Complaint, Defendant was Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203.

24.    At all relevant times, Defendant has owned and operated a night club business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

25.    During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum, despite whatever allegations to the contrary the official "books" of Defendant might tend to support.

26.     Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

27.     Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

28.     At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

29.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the 29 U.S.C. § 201, *et seq*.

30.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the Arkansas Minimum Wage Act, A.C.A. § 11-4-201, *et seq*.

31.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under common law theories of unjust enrichment.

32.     No exemptions or exceptions to the application of the FLSA or AMWA apply to Plaintiff.

## IV.

## DEFENDANT'S INTENT

33.     All actions by Defendant were willful and not the result of mistake or inadvertence.

34.     Defendant knew or should have known that the FLSA applied to the operation of the private club at all relevant times.  Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

35.     Cases in support of the position taken by Plaintiff in this lawsuit are many and are found throughout the country.  Many of them meaningfully predate the intentional classification committed by Defendant in this case.  Harrell v. Diamond Entertainment, Inc., 992 F. Supp. 1343, (M.D. Fla. 1997); Reich v. Circle C. Investments, Inc., 998 F. 2d 324 (5th Cir. 1993); Reich v. ABC/York-Estes Corp, 1997 WL 264379 (N.D.Ill. 1997); Reich v. Priba Corp., 890 F.Supp. 586 (N.D.Tex. 1995); Martin v. Priba Corp., 1992 WL 486911 (N.D.Tex.); Martin v. Circle C. Investments, Inc., 1991 WL 338239 (W.D. Tex); Donovan v. Tavern Talent & Placements, Inc., 1986 WL 32746 (D.Colo.); Morse v. Mer Corp., 2010 WL 2346334 (S.D. Ind.).

36.     Plaintiff is aware of no cases which support Defendant's intentional misclassification.

37.     In those prior cases, exotic dancers working under conditions similar to those employed by Defendant were determined to be employees under the FLSA—not independent contractors.

38.     Plaintiff had no control over her work environment whatsoever.  Club patrons regularly grabbed and attempted to pull Plaintiff's clothes off, despite her protests; Defendant frequently searched all dancers' bags for

unreported tips and refused to give Plaintiff or other dancers some or all of the tip money earned over a night if a dancer broke any rules; and on two separate occasions, club patrons physically assaulted Plaintiff, with no action taken by the club to discipline or remove the patron/s from the club or to protect Plaintiff.

39.     Defendant set the rules and had complete control over the venue, and Plaintiff had to obey these rules or risk everything, including loss of all tips or loss of her job. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

40.     Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold all wages to them in effort to enhance their profits.

41.     Furthermore, Defendant's intent is evidenced by the fact that day-shift dancers are paid $75.00, while night-shift dancers are paid nothing at all. Defendant knew that dancers such as Plaintiff are employees that should be paid under the law, and has simply chosen not to pay them.

## V.

## INJURY AND DAMAGE

42.     Plaintiff and all other members of the proposed collective class have suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

## VI.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated dancers improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    (A)    minimum wages for the first forty (40) hours worked each week;

    (B)    overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    (C)    tips paid by customers to Plaintiffs and the collective action class members which were exacted by Defendant; and

    (D)    liquidated damages and attorney's fees for the same.

44.    Plaintiff is unable to state the exact number of the class but believes that the class exceeds 50 persons but is less than 100 persons.

45.    Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

46.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

47.    The email addresses of many of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action plaintiffs via email to their last known email address as soon as possible.

48.    Notice of the right to join this lawsuit should be posted conspicuously at Defendant's business in a manner consistent with the orders of this Court. Notice should also be posted on a website hosted by Plaintiff's counsel.

49.    The claimed damages, inclusive of potential opt-in class members, exceed $300,000.00.

50.    Plaintiff asserts that other current and former dancers are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying dancers as independent contractors, as opposed to employees, and were not paid the minimum and overtime wages required under the FLSA, and whose tips were unlawfully exacted by Defendant.

51.    The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

        A.    Defendant's failure to compensate members of the class at the minimum wage rate required by the FLSA, 29 U.S.C. § 203(m);

        B.    Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.;

D.  Defendant required members of the class to pay Defendant and other employees of Defendant fees from the tips they received in violation of 29 U.S.C. § 203 (m).

## VII.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

57.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

58.     Defendant intentionally failed to pay Plaintiff any wages at all, let alone the minimum or overtime wages required under the FLSA.

59.     Defendant required Plaintiff to pay for the right to work and took other deductions from her tips, in violation of the FLSA.

60.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

61.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of AMWA)

63.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

64.     Defendant intentionally failed to pay Plaintiff any wages at all, let alone the minimum and overtime wages required under the AMWA.

65.     Defendant required Plaintiff to pay for the right to work and took other deductions from her tips, in violation of the AMWA.

66.     Defendant's conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

67.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

## IX.

## THIRD CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA by Plaintiff and all those similarly situated class members)

68.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

69.     Defendant intentionally failed to pay Plaintiff and all other night-shift exotic dancers any wages at all, let alone the minimum or overtime wages required under the FLSA.

70.    Defendant required Plaintiff and the class members to pay for the right to work and took other deductions from their tips, in violation of the FLSA.

71.    Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

72.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## X.

## FOURTH CLAIM FOR RELIEF

### (Collective Action Claim for Violation of AMWA by Plaintiff and all similarly situated class members)

73.    Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

74.    Defendant intentionally failed to pay Plaintiff and all other night-shift exotic dancers any wages at all, let alone the minimum and overtime wages required under the FLSA.

75.    Defendant required Plaintiff and the class members to pay for the right to work and took other deductions from their tips, in violation of the AMWA.

76.    Defendant's conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

77.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

## XI.

### FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT/QUANTUM MERUIT

52.     Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

53.     All of the time spent by Plaintiff in the performance of their duties as dancers for Defendant was for the sole benefit of Defendant.

54.     Defendant had full knowledge of all duties performed by Plaintiff because it is Defendant that owned and operated the private club where Plaintiff worked and implemented all policies and procedures Plaintiff was subject to.

55.     Despite its knowledge, Defendant chose to accept the benefits of Plaintiffs' uncompensated and undercompensated labor for itself.

56.     By unjustly receiving the value of Plaintiff's labor without providing proper compensation therefore, Defendant obtained substantial benefits and was unjustly enriched at the expense of Plaintiff.

57.     By unlawfully demanding and retaining Plaintiff's gratuities and wages, Defendant obtained a substantial benefit and was unjustly enriched. Such conduct was detrimental to Plaintiff.

58.     Defendant's conduct was willful and not the result of mistake or inadvertence.

59.    It would be inequitable for Defendant to retain the benefits received.

60.    As a direct result of Defendant's unlawful, unjust and inequitable conduct, Plaintiff suffered injury, incurred damages and financial loss in an amount to be determined at trial.

61.    Accordingly, Plaintiff seeks appropriate relief against Defendant including damages, restitution, a refund of all tips paid to Defendant and other employees of Defendant, prejudgment interest, attorneys' fees and costs and all other relief that the Court deems just and appropriate.

## XII.

## EQUITABLE TOLLING

62.    The applicable statute of limitations for Plaintiff's FLSA and AMWA causes of action should be tolled for all putative class members because strict application of the statute of limitations would be inequitable.

63.    FLSA and AMWA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. See, e.g., 29 C.F.R. § 516.4.

64.    An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

65.    Defendant failed to post any notice regarding the FLSA or AMWA whatsoever.

66.     Further, Defendant specifically instructed Plaintiff that she was not an employee, but rather an independent contractor. As a result of Defendant's assertions, Plaintiff had no basis for believing she was protected by the FLSA.

67.     Based on any one factor set forth above, and certainly based upon all of the factors collectively, this Court should apply the doctrine of equitable tolling to toll the claims of all putative class members.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kristen Whitworth, individually and on behalf of others similarly situated, respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A)     Certification of and notice to the proposed collective class;

(B)     For an order of this Honorable Court entering judgment in Plaintiff's favor against each Defendant, jointly and severally;

(C)     That the Court award Plaintiffs and others similarly situated their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages, in addition to wages equal to the amount they were required to give Defendant and other employees as "dance fees" and "DJ fees" and "house" and/or "floor fees," any and all other diversions or exactions of gratuities;

(D)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(E)     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and attendant regulations;

(F)     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(G)     Judgment for damages for all unpaid regular wages and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and attendant regulations;

(H)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Classes during the applicable statutory period;

(I)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and attendant regulations;

(J)     Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled;

(K)     For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L)     An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF KRISTEN WHITWORTH,**
**Individually and on Behalf of Others**
**Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD STE 110
LITTLE ROCK, ARKANSAS 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

_____
Anne Milligan
Ark. Bar No. 2010263
anne@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**KRISTEN WHITWORTH, Individually**
**and on Behalf of Others Similarly Situated,**                    **PLAINTIFF**

vs.                    No. #:13-cv-_____

**FRENCH QUARTER PARTNERS, LLC,**
**individually and d/b/a FRENCH QUARTER;**
**DUKE KLOSS, Individually and d/b/a**
**FRENCH QUARTER**                    **DEFENDANTS**

<u>**CONSENT TO JOIN COLLECTIVE ACTION**</u>

I was employed by French Quarter on or after January 17, 2010. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for minimum wages, overtime compensation, and other relief. As an employee/former employee of French Quarter, I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that he foregoing is true and correct.

/s/ Kristen Whitworth_____
**KRISTEN WHITWORTH**
c/o SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S SHACKLEFORD STE 110
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

January 16, 2012