IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**KRISTEN WHITWORTH, Individually
and on Behalf of Others Similarly Situated,**            **PLAINTIFF**

vs.                             No. 6:13-cv-6003 (RTD)

**FRENCH QUARTER PARTNERS, LLC,
Individually and d/b/a FRENCH QUARTER;
DUKE KLOSS, Individually and d/b/a
FRENCH QUARTER**                                **DEFENDANTS**

**MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION,
EQUITABLE TOLLING, FOR DISCLOSURE OF CONTACT INFORMATION
FOR POTENTIAL OPT-IN PLAINTIFFS,
AND TO SEND COURT-APPROVED NOTICE**

COMES NOW Plaintiff Kristen Whitworth, on her own behalf and on behalf of others similarly situated, by and through her attorneys Josh Sanford and Anne Milligan of the Sanford Law Firm, PLLC, and for her Motion for Certification of Collective Action, Equitable Tolling, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and for Court-Approved Notice, do state and allege as follows:

1.      Plaintiff, a former exotic dancer for French Quarter Partners, LLC, individually and d/b/a French Quarter; and Duke Kloss, individually and d/b/a French Quarter (hereinafter collectively referred to as "French Quarter" or "Defendants"), brought this suit individually and on behalf of all other current and certain former night-shift exotic dancers who danced for Defendants, who are similarly situated, in order to recover unpaid minimum and overtime wages,

Page 1 of 6
Kristen Whitworth, et al. v. French Quarter Partners, et al.
U.S.D.C. (W.D. Ark.) 6:13-cv-6003 (RTD)
Motion for Certification of Collective Action, for Disclosure of
Contact Information for Potential Opt-In Plaintiffs, and to
Send Court-Approved Notice

unlawful tip outs, fines, exactions, etc., liquidated damages, prejudgment interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA").

2.   Plaintiff alleges that French Quarter engaged in a singular, common policy and practice of violating the FLSA by willfully misclassifying Plaintiffs and those similarly situated as "independent contractors," as opposed to employees protected by state and federal wage and hour laws such as the FLSA.

3.   Defendants' intentional misclassification of Plaintiff resulted in Defendants' willful failure to pay Plaintiff any wages at all let alone minimum or overtime wages for labor Plaintiff and those similarly situated performed for Defendants at Defendants' place of business.

4.   Furthermore, Defendants systematically required Plaintiff and other exotic dancers who worked for Defendants to pay to Defendants and employees of Defendants substantial fees from tips they received from Defendants' customers, in clear and intentional violation of 29 U.S.C. § 203(m).

5.   Plaintiff asks this Court to certify an equitably tolled class, consisting of the following persons:

> All women who were night-shift exotic dancers at French Quarter any time after January 17, 2010, and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

6.   Plaintiff has established through her affidavit, the attached brief and exhibits, that other dancers at French Quarter are similarly situated and are all

Page 2 of 6
Kristen Whitworth, et al. v. French Quarter Partners, et al.
U.S.D.C. (W.D. Ark.) 6:13-cv-6003 (RTD)
Motion for Certification of Collective Action, for Disclosure of
Contact Information for Potential Opt-In Plaintiffs, and to
Send Court-Approved Notice

victims of a singular, common policy and practice that violated the law. All women who worked as night-shift exotic dancers experienced the same systematic, unlawful treatment by French Quarter.

7. Plaintiff is entitled to equitable tolling with respect to the statute of limitations relating to the class claims identified herein below. Defendant failed to post any of the required wage and hour posters in the work place; furthermore, Defendant expressly misinformed Plaintiff that she and other exotic dancers were independent contractors, rather than employees who were entitled to state and federal labor law protections such as minimum and overtime wages.

8. Under the tolling doctrine the Supreme Court first established for Rule 23 class actions in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 554 (1974), the commencement of a Rule 23 class proceeding tolls the statute of limitations period for all purported members of the class and "remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). Plaintiff asks that the Court extend this same style of tolling to her 216 collective class.

9. At a minimum, Plaintiff asks that this Court toll the putative class members' damages during the pendency of this Motion and until each class member "opts in" to the collective class.

10. Plaintiff has established through her affidavit that not a single required wage and hour notice was posted in the workplace. *See Exhibit A*, Affidavit of Kristen Whitworth, ¶ 49-51. Defendants expressly misinformed Plaintiff and those similarly situated that they were independent contractors not

Page 3 of 6
Kristen Whitworth, et al. v. French Quarter Partners, et al.
U.S.D.C. (W.D. Ark.) 6:13-cv-6003 (RTD)
Motion for Certification of Collective Action, for Disclosure of
Contact Information for Potential Opt-In Plaintiffs, and to
Send Court-Approved Notice

entitled to minimum or overtime wages. *Id.* at ¶ 44, 54. It would be inequitable to allow Defendant to benefit from its willful misrepresentations and non-compliance with federally mandated wage-and-hour rights posting requirements.

11. Attached as *Exhibit B* and *C* to Plaintiff's Motion for Certification are respectively the proposed Notice and Consent to Join proposed by Plaintiff, which are narrowly drawn to notify potential class members of the pending litigation, the composition of the class, their rights to "opt in" to the litigation, the effect of their doing so or not, and the procedure for opting in.

12. The *Notice* and C*onsent* make no comment on the merits of the case. An essentially identical collective Notice has been approved by other courts in the Western and Eastern Districts of Arkansas. *See, e.g., Chad Lindsey, et al. v. Lindsey Management, et al.*, 5:12-CV-05047 (W.D. Ark.) (conditional collective class certification granted Feb. 4, 2013); *Kunio Teramura, et al. v. Walgreen Co., d/b/a Walgreens*, 5:12-cv-5244 (W.D. Ark.) (conditional collective class certification granted Mar. 7, 2013) ; *Bennie Watson, et al. v. Surf-Frac Wellhead Company*, 4:11-CV-843 (E.D. Ark.) (conditional collective class certification granted Oct. 18, 2012).

13. Plaintiff asks that the Court approve the Notice attached to the Motion, grant Plaintiff and those similarly situated the requested equitable tolling, and permit the Plaintiff to submit the Notice and Consent to Join Collective Action to all current and former employees who danced at French Quarter any time after the date to be determined by the Court.

Page 4 of 6
Kristen Whitworth, et al. v. French Quarter Partners, et al.
U.S.D.C. (W.D. Ark.) 6:13-cv-6003 (RTD)
Motion for Certification of Collective Action, for Disclosure of
Contact Information for Potential Opt-In Plaintiffs, and to
Send Court-Approved Notice

14. Plaintiff also requests that the Court grant counsel a period of ninety (90) days—running from the date on which Defendants fully and completely release the potential putative class members' contact information to Plaintiff's counsel—during which to distribute the Notice and file opt-in Plaintiffs' Consent forms with this Court.

15. To facilitate the sending of the Notice and Consent forms, Plaintiff also respectfully asks this Court to enter an Order directing Defendants to provide the names, and last known home, work, and email addresses of potential opt-in Plaintiffs no later than two (2) weeks after the date of the entry of the Order.

16. Due to the often transient nature of the putative plaintiffs in this case and the likelihood that Defendant will have outdated or no records at all regarding those who danced at their place of business, Plaintiff also asks for the Court's leave to create and publish a Court-approved website that contains the contents of the Consent to Join, Notice, and the most recent Complaint and Answer herein. An example of such a website is attached as *Exhibit D*.

17. Plaintiff incorporates herein her Brief in Support of this Motion.

WHEREFORE, premises considered, Plaintiff Kristen Whitworth, individually and on behalf of others similarly situated, prays that the Court conditionally certify this case as a collective action; that Court order the equitable tolling of collective class members' claims; to discover the names and current addresses, or last known addresses of all women who danced for Defendants any time after January 17, 2010; that the Court approve the attached Notice; and

Page 5 of 6
Kristen Whitworth, et al. v. French Quarter Partners, et al.
U.S.D.C. (W.D. Ark.) 6:13-cv-6003 (RTD)
Motion for Certification of Collective Action, for Disclosure of
Contact Information for Potential Opt-In Plaintiffs, and to
Send Court-Approved Notice

that the Plaintiff be permitted to submit the Notice and Consent to Join form to all affected current and former exotic dancers who danced for Defendants during the statutory period.

        Respectfully submitted,

**PLAINTIFF KRISTEN WHITWORTH, Individually and on Behalf of Others Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD STE 110
LITTLE ROCK, ARKANSAS 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

BY:  /s/ Anne Milligan
      Anne Milligan
      Ark. Bar No. 2010263
      anne@sanfordlawfirm.com

      Josh Sanford
      Ark. Bar No. 2001037
      josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Anne Milligan, do hereby certify that on the 17th day of April, 2013, a true and correct copy of the foregoing MOTION was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

Mr. William P. Allison
ALLISON LAW FIRM, P.A.
1501 North University Ave, Ste 220
Little Rock, AR 72207
Telephone: (501) 664-2300
Facsimile: (501) 664-3010
wallison@allisonlawfirm.net

      /s/ Anne Milligan
      Anne Milligan

Page 6 of 6
Kristen Whitworth, et al. v. French Quarter Partners, et al.
U.S.D.C. (W.D. Ark.) 6:13-cv-6003 (RTD)
Motion for Certification of Collective Action, for Disclosure of
Contact Information for Potential Opt-In Plaintiffs, and to
Send Court-Approved Notice