IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


KRISTEN WHITWORTH, Individually
and on Behalf of Others Similarly Situated,                PLAINTIFF


        v.              CASE NO. 6:13-CV-6003


FRENCH QUARTERS PARTNERS, LLC,
Individually and d/b/a FRENCH QUARTER;
DUKE KLOSS, Individually and d/b/a
FRENCH QUARTER                                            DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Currently before the Court are Plaintiff's Motion for Conditional Certification of Collective Action, Equitable Tolling, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and to Send Court-Approved Notice (Doc. 15), Brief in Support (Doc. 16), Defendants' Response and Brief in Support (Docs. 17-18), Plaintiff's Reply (Doc. 20), and Plaintiff's Request for Oral Argument on Collective Action Motion Issues (Doc. 21).  For the reasons stated below, Plaintiff's Motion (Doc. 15) is **GRANTED**, and Plaintiff's Request for oral argument (Doc. 21) is **DENIED as moot**.

**I.   Background**

    Plaintiff, individually and on behalf of others similarly situated, filed her Complaint (Doc. 1) alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"),

Arkansas Minimum Wage Act, A.C.A. § 11-4-203 ("AMWA"), and Arkansas common laws.  Plaintiff was a female dancer who worked at French Quarter, a private club operated by Defendants in Hot Springs, Arkansas from mid-summer 2010 until on or about September 10, 2011.  Plaintiff claims Defendants intentionally misclassified her as an independent contractor in order to deny her minimum and overtime wages as required by the FLSA and AMWA, and fair compensation as required by Arkansas common law.  Plaintiff further claims Defendants violated the law by forcing her to pay for the right to work.

## II.  Discussion

### a. Conditional Certification

Plaintiff asks the Court to certify an equitably tolled class, consisting of the following persons:

> All women who were night-shift exotic dancers at French Quarter any time after January 17, 2010, and continuing thereafter through the date on which final judgment is entered in this action who timely filed (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

(Doc. 15 ¶ 5).  The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" a minimum wage.  29 U.S.C. § 206(a).  Further, "no employer shall employ any of his employees

. . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.*

The FLSA does not define "similarly situated" and the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b)[1]. Defendants argue the opt-in class procedure provided for in Rule 23 of the Federal Rules of Civil

---

[1] Unlike the opt-out class procedures provided under Federal Rule of Civil Procedure 23 for class actions, collective actions under the FLSA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b). Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 215(b). "In determining whether an opt-in case is appropriate for court-authorized notice, the central question is whether plaintiffs have established that they and the putative class members are "similarly situated" for purposes of § 216(b)." *Collins et al. v. Barney's Barn, Inc.*, 2013 WL 1668984, *1 (E.D. Ark. April 17, 2013) (citing *Thiessen v. General Electrical Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 265-67 (D.Minn. 1991)) (original quotations).

Procedure controls in FLSA cases where the plaintiffs wish to sue as a class. (Doc. 18 at 2). Plaintiff contends she is bringing a collective action, which is fundamentally different from the traditional class action formed under Rule 23 and urges the Court to adopt the two-tiered approached established by *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995).

The prevailing approach among federal courts for determining what "similarly situated" means in a collective action under section 216(b) would be the two tiered *ad hoc* approach described in *Mooney*, 54 F.3d 1207, 1212 (5th Cir. 1995). *See Perez-Benites, et al. v. Candy Brand, LLC, et al.*, 2008 WL 4809105 *2 (W.D. Ark. Oct. 31, 2008) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (applying two-stage approach as that "typically used by the courts" in cases filed under 29 U.S.C. § 216(b)); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996); *Allen v. McWane, Inc.*, 2006 WL 3246531, *2 (E.D. Tex. 2006) (applying the two-stage approach as the prevailing test among federal courts" in cases filed under 29 U.S.C. § 216(b))). This approach is described in *Mooney* as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision–usually based only on the pleadings and any affidavits which have been

submitted-whether notice of the action should be given to potential class members.

Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

54 F.3d at 1213-14 (internal footnote omitted). This Court hereby adopts the two-tiered approach set out in *Mooney*.

To be considered "similarly situated", a plaintiff is typically required to show that she and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Thiessen*, 267 F.3d 1106-08; *Kautsch v. Premier Communications*, 504 F.Supp.2d 685 (W.D. Mo. 2007). The "similarly situated" determination requires only a modest factual showing and does not require a showing that the plaintiff and the potential class members are identically situated. *Id.* "Various factors are

important in answering whether the other dancers' situations are similar to [Plaintiff's]: (1) whether everyone worked in the same location; (2) whether they had the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all the dancers were subjected to the same policies and practices." *Taylor, et al. v. Drugstore Cowboys, Inc., et al.*, 4:11-CV-269 (E.D. Ark. Mar. 22, 2012).

Here, Plaintiff alleges she and other similarly situated individuals who worked at French Quarter were not paid the minimum and overtime wages required by the FLSA. Plaintiff claims that these FLSA violations were the result of uniform policies and practices by the defendants that affected her and the potential collective action members. (Doc. 15-1 ¶¶ 7, 44-45, 47). Plaintiff alleges with specificity how she and other dancers were subject to the same rules and controls in connection to how they were paid, the various "tip-out" amounts, shift fees, and house fees charged. (Doc. 15-1 ¶¶ 11-14).

In light of the Court's decision to adopt the two-tiered approach, Defendants' arguments in opposition to conditional certification of collective action do not apply, i.e., Defendants argue the class prerequisites of a Rule 23(a) class certification. Considering the lenient notice standard at this early stage of litigation, the Court is satisfied that the Plaintiff has met her burden of showing that conditional

certification is proper.  The Court thereby conditionally
certifies the Plaintiff's FLSA claim as a collective action on
behalf of Plaintiff's proposed class.  After the close of
discovery, should the defendants believe that the potential
collective action members are not similarly situated, they may
file a motion for decertification.

**b. Equitable Tolling**

Plaintiff asks the Court to toll the statute of limitations
relating to the class claims.  Section 255 provides that actions
brought under the FLSA "may be commenced within two years after
the cause of action accrued, and every such action shall be
forever barred unless commenced within two years after the cause
of action accrued, except that a cause of action arising out of
a willful violation may be commenced within three years after
the cause of action accrued[.]"  29 U.S.C. § 255(a).  Section
256 provides that "an action is commenced for the purposes of
section 255. . . when the complaint is filed; except in the case
of a collective or class action. . . it shall be considered to
be commenced in the case of an individual claimant—on the date
when the complaint is filed, if he is specifically named as a
party plaintiff in the complaint and his written consent to
become a party plaintiff is filed on such date in the court in
which the action is brought; or if such written consent was not
so filed or if his name did not so appear--on the subsequent

date on which such written consent is filed in the court in which the action was commenced."  29 U.S.C. § 256.

A plaintiff requesting equitable tolling bears the burden of showing (1) that she has been pursuing her rights diligently; and (2) that some extraordinary circumstances stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "As a general rule, equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff."  *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 797-98 (8th Cir. 1998) (internal citations and quotations omitted).  The doctrine of equitable tolling should be used sparingly.  *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990).  A plaintiff bears the burden of demonstrating why she is entitled to equitable tolling, and the resolution of the issue is fact-specific. *Collins v. Barney's Barn, Inc.*, 2013 WL 1668984, *6 (citing *Truit v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Instances in which equitable tolling would be appropriate include: (1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *Shempert*, 151 F.3d at 798 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)).

Here, Plaintiff asserts she is entitled to equitable tolling based on her allegations that Defendants failed to post any of the required wage and hour posters in the work place, and that she and other exotic dancers were expressly misinformed that they were independent contractors rather than employees who were entitled to state and federal labor law protections such as minimum and overtime wages. Plaintiff argues that the circumstances of "this case goes beyond the mere failure to make the FLSA-required posting, but involves severe misrepresentations by Defendants." (Doc. 16 at 23). Defendants did not specifically respond to the issue of equitable tolling but rather argued that the motion should be denied because Plaintiff failed to show their claims are typical within the proposed class members, particularly when viewed against the proper two-year state of limitations. (Doc. 17 at 2).

Plaintiff's allegations depict an instance of affirmative misconduct which makes equitable tolling appropriate. *See Baldwin*, 466 U.S. 147 (1984) (affirmative misconduct on the part of a defendant that lulled the plaintiff into inaction is an instance when equitable tolling is appropriate). Plaintiff has met her burden by showing that she has been pursuing her rights diligently and that some extraordinary circumstances stood in her way. Accordingly, the statute of limitations is tolled for all putative class members from the filing of Plaintiff's motion

(April 17, 2013) until a given plaintiff timely files her opt-in consent.

### c. Disclosure of Contact Information

Plaintiff requests the Court order Defendants, no later than two weeks after the date of entry of this order, to provide all contact information to anyone who danced for Defendants any time after January 17, 2010.  Plaintiff specifies the requested information to include certain information as set out in her brief.  (Doc. 16 at 15).  Plaintiff also request that Plaintiff's counsel be allowed to pursue alternative methods of locating "missing" potential class members.  (Doc. 16 at 17).

Defendants did not specifically object to Plaintiff's request for contact information or publication except to state that they oppose the proposed notice because it contains improper and irrelevant matters.  (Doc. 18 at 17-18).  On this point, Defendants argued that the  terms "worked" and/or "employed" is improper and inconsistent with the potential class members filing of tax returns.  The Court finds Defendants' argument immaterial to Plaintiff's instant request.

The Court hereby directs Defendants to provide Plaintiff's counsel with the contact information of (1) the names of each and every potential Plaintiff dancer who danced for Defendants any time after January 17, 2010, including any aliases they may have gone by or go by now; (2) the last known home and work

addresses for the dancer for the same time period; and (3) email addresses of any kind which Defendants are aware of for any such dancer.   Defendants shall provide such information no later than two weeks after entry of this order.   Further, Plaintiff's counsel is allowed to pursue alternative methods of locating "missing" potential class members, such as via email, telephone, social media, or other means including other information provided by Plaintiff and members of the class who have filed consents opting into the litigation.

**d. Dissemination of Notice**

Plaintiff requests the Court authorize her to disseminate the notice, consent form and complaint to potential opt-in plaintiffs via various methods as set out in her brief.   (Doc. 16 §§ a-c).   In support of her request Plaintiff cites to numerous district court decisions permitting such action.   (Doc. 16 § III.a.) (citing *Hoffman v. Sbarro Corp.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)("Courts have endorsed the sending of notice early in the proceedings, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); *Watson, et al. v. Surf-Frac Wellhead Equipment Company, Inc.*, 4:11-CV-843 (E.D. Ark. Oct. 18, 2012) (collective class certification granting a ninety day opt-in period); *Klakulak v. Americahomekey, Inc.*, 3:11-CV-388 (W.D.N.C. Mar. 1, 2012) (authorizing notice through direct mailing to potential

plaintiffs, posting at each of defendant's branches where a putative class members work in an area "readily and routinely available for review by employees," and posting notice at a website maintained by plaintiffs where "class members can electronically submit a consent form substantially similar to the consent form approved herein.").

As discussed above, Defendants do not make any specific objection to Plaintiff's request for publication except to state that they oppose the proposed notice because it contains improper and irrelevant matters. The Court likewise finds Defendants' argument immaterial to Plaintiff's instant request.

The Court hereby authorizes and orders (1) the sending of Plaintiff's proposed notice and consent to join, along with a copy of the most recent complaint; (2) counsel a period of ninety days- running from the date on which the Defendants release the potential putative class members' contact information to Plaintiff's counsel- during which to distribute notice and file opt-in Plaintiff's consent forms with the Court; (3) the maintenance of a web page where potential class members can access and print a copy of the proposed notice, consent to join, and most recent version of the complaint; (4) an "ad" to be placed on *Facebook* that links to the website[2]; (5) Defendants

---

[2] The *Facebook* ad shall be one-inch in size and the parties shall consult with one another on the wording of the link.

to post the proposed notice in a conspicuous location at Defendants' facilities; (6) require Defendants to maintain at all times an adequate number of copies of the consent to join and notice; and (7) publish the consent to join along with the notice in a newspaper of general circulation in the State of Arkansas.

### e. Proposed Notice

Plaintiff has submitted a proposed noticed to be sent to potential opt-in plaintiffs. The Court has reviewed the proposed notice (Doc. 15-2) and consent form (Doc. 15-3) and the Court approves the notice. Plaintiff is authorized to disseminate notice of the suit to potential opt-in plaintiffs in any manner permitted above, but must include sending by first class mail to those potential collective action members with known addresses. Plaintiff's counsel will bear the cost of dissemination. Plaintiff's counsel shall file a certificate of mailing with the Court when the mailing notices effectuate and the opt-in period has begun.

## III. Conclusion

For the reasons stated above Plaintiff's Motion for Conditional Certification of Collective Action, Equitable Tolling, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and to Send Court-Approved Notice (Doc. 15), is **GRANTED**, and Plaintiff's Request for Oral Argument on

Collection Action Motion Issues (Doc. 21) is **DENIED as moot.**

IT IS SO ORDERED this 31st day of July, 2013.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge